## HOLLAND vs. HUNTON & WHITE.

1. Under the act, regulating "practice in courts of justices," in a petition on a promissory note, for the payment of money, in which the defendant has been regularly served, by leaving a copy at his usual place of abode, fifteen days before the return day of the writ, and he fails or neglects to answer, the court may render judgment against him by default.

2. The maker and endorser of a promissory note may be jointly sued by the endorsee.

## APPEAL from Hickory Circuit Court.

WINSTON, for appellant.

1. The appellant was not served personally twenty days before the return of the writ, and therefore no judgment could be properly rendered against him at the return term of the court, this being a suit on a note. See as to this, practice in courts of justice, article 5, section 6.

2. The suit was brought in Hickory county, against the appellant who was a resident of Benton county, where process was served upon him, and it does not appear from the record that the other defendant, (below) White, was a resident of Hickory county, or that process was served upon him in that county, which was necessary in order to give the court jurisdiction. As to this point I refer the court to article four and section first of the act entitled practice in courts of justice.

3. There is a mis-description of the note sued upon, the petition stating it to be a note executed by the appellant and White, as makers, when it appears that the appellant alone was the maker thereof.

WRIGHT, for respondent.

1. In a case like the present, where there has been no appearance or answer, judgment may be rendered at the return term, for want of an answer upon fifteen days service. Twenty days personal service is only contemplated in contested cases—such I think is the universal practice.

2. Even if the court erred in rendering the judgment at the return term, an opportunity should first have been given the court below to correct such error, and upon the refusal of that court to do so, exceptions should have been taken—nothing of this was done. Article 30, sec. 8.

3. Defendant, White does not complain. He shows himself satisfied with the judgment. He has not joined in the appeal, and even if there was an irregularity in the service of the writ on him, Hunton has no right to complain. The service on White was good, but if it were not, he has the right to waive it.

In support of 1st point I refer to the new code of practice; Article XII, provides for "judgment for failure to answer; section second of that article says: "If the action be founded on a bond, bill or note for money, and there be no answer as herein-before required, the clerk may, under the direction of the court, enter judgment for the amount which shall appear to be due." And in section 2nd, Article XVII., it is declared that "in cases provided for in article 12, judgments shall be given at the return term of the summons, unless the court, for good cause, shall continue the cases." Such is the positive statute law, pursuant to which the judgment complained of, was rightly rendered.

RYLAND, J., delivered the opinion of the court.

The plaintiff brought his civil action in the Hickory circuit court against the defendants, Hunton & White, upon a promissory note signed by Hunton and endorsed by White; the note was originally payable to R. P. Benson and by her assigned to the plaintiff.

The petition avers the liability of White, as the endorser for Hunton.

The clerk of Hickory circuit court issued a summons to the sheriff of Hickory county against White, and to the sheriff of Benton county he issued a summons with a counterpart of the petition and writ against Hunton. The sheriff of Hickory served the summons on White on the first day of March, 1851, by reading it to him; and the sheriff of Benton county on the 8th of March, 1851, served the counterpart on Hunton by leaving a copy of the petition and writ at the usual place of his abode with a free white person of the family over the age of fifteen years, in the county of Benton.

The circuit court of Hickory county began its regular term on the 24th day of March, 1851, being more than twenty days after the service upon White, and fifteen days, exclusive of the day of service, upon Hunton. The record and proceedings show that on the third day of the term aforesaid, at which the writs in this case were returnable, judgment by default was rendered herein against the said defendants for want of an answer to the plaintiff's petition. In vacation, the defendant Hunton prayed an appeal and filed his bond with the clerk, and the clerk granted the appeal to him. White did not appeal; nor does he here complain of any error.

The only point necessary for our adjudication arises in this case under the statute concerning "Practice in Courts of Justice," of the session of the legislature in 1848–9.

Under this act, in a petition on a promissory note for the payment of money in which the defendant has been regularly served with notice by leaving a copy at his usual place of abode, fifteen days before the return day of the writ, and he fails or neglects to answer, can the court render judgment against him by default? Art. V, sec. 2 of the act, declares, that, "Every defendant served with the summons, fifteen days before the return day thereof, shall be bound to appear at the return term of the writ, and if such summons be served less than fifteen days, he shall be bound to appear at the term next after the return term of the writ." Art. VI, sec. 2: "The only pleading on the part of the defendant is either a demurrer or an answer. It must be filed within six days after the return day of the summons, if the term shall so long con-

tinue, if not, then within such time as the court may by rule prescribe."

Art. XII, sec. 2: "If the action be founded on a bond, bill, or note for money, and there be no answer as herein-before required, the clerk may, under the direction of the court, enter judgment for the amount which shall appear to be due. In other cases where there is no answer as aforesaid, the plaintiff may, if he require it, have a jury to assess the damages. If no jury be required, the court may assess the damages. and render judgment thereon, or give the other relief asked in the petition." Under these provisions it is obvious, that where a party has been summoned fifteen days before the return day of the writ, and he fails to answer, judgment under the direction of the court can be entered up against the defendant in actions on bonds, bills or notes, for money; in other actions, that is, actions not founded on bonds, bills or notes for money, the plaintiff, if he requires it, may have a jury to assess his damages; if no jury be required, the court can assess the damages and render judgment thereon.

But there are actions on bonds, bills and notes in which the plaintiff has a right to have a trial at the return term even if the defendant does answer or demur, unless the court continue the case for good cause.

, But in such cases there must be personal service at least twenty days before the return day of the writ.

Art. V, sec. 6: In all cases where the petition is founded solely upon a bond, bill or promissory note for the direct payment of money, and the plaintiff demands a trial at the first term as hereinafter provided, each defendant to authorize such judgment against him, must be personally served at least twenty days before the return day of such writ by delivering a copy of such petition to him.

Art. VI, last part of sect. 2: "In cases specified in section 6, of art. V, the demurrer or answer shall be filed within the first two days after the return day of the summons, and the cause shall be tried at the return term of the summons unless continued for good cause."

Art. XVII, sec. 2: "In cases provided for in sec. 2, art. VI, and in cases provided for in art. XII, and in cases provided for in sec. 4 of art. XV, the several judgments shall be given at the return term of the summons, unless the court for good cause shall continue the cases."

There can be no doubt from a careful perusal of the statute, that in each case, where the plaintiff's writ has been served fifteen days before the return day thereof, and the defendant shall neglect to answer or demur, the plaintiff is entitled to judgment at the return term—and just as little doubt that he is equally entitled to judgment in actions on bonds, bills or notes for money at the return term of the writ, provided

31

it has been personally delivered to the defendant twenty days before the return day of the writ, if the defendants do answer or demur, unless the court shall continue the case for good cause.

There is no error, then, in this case, in the court below giving judgment at the return term of the writ against the defendant Hunton; he failed to answer, and very properly did the court render judgment against him. There is no pretence of error in the judgment against White.

One other point in this case I may as well notice. It is the joinder in the action of Hunton, the maker and payer of the promissory note, with White, the endorser. Art. III, secs. 6 and 8, put this point to rest: Sec. 6: Any person may be made a party defendant who has an interest in the controversy adverse to the plaintiff.

Sec. 8. Persons severally liable, including parties to bills of exchange and promissory notes, may all, or any of them, be included in the same action at the option of the plaintiff. Here the payer and endorser are included. I suppose the 8th section was meant for such a case.

Upon the whole case then, there is nothing to reverse, and the other judges concurring, the judgment below is affirmed.