MADDOX v. DUNCAN, *Appellant.*

Division Two, April 20, 1898.

1. **Promissory Note**: INDORSEMENT: NEW CONTRACT. Every indorsement of a promissory note, whether for accommodation or otherwise, is a new contract, independent of any contract obligations of the maker.

2. ———: WHEN INDORSER'S LIABILITY BEGINS. Where an indorser expressly waives "notice and demand," his liability becomes fixed when the note becomes due and default is made in payment.

3. ———: SURETY OR INDORSER. The defendant indorsed a note, of which he was payee, as follows: "Waiving notice and protest and demand, I assign the within note to Samuel Grant for value received and guarantee the payment of it. August 8, 1877." *Held*, that he was not a surety, nor a guarantor, but an indorser.

143  613
84a 658
143  613
88a 585
143  613
92a ⁴253
93a ¹267
143  613
95a ²638

4. ——: ——: ACTIONS. Not being a surety, but an indorser, an action could not be maintained against him and the maker jointly were it not for section 1995, Revised Statutes 1889, which authorizes the holder of a note to join as defendants all persons liable for its payment. But this statute does not so change the relation of maker and indorser as to prohibit the statute of limitations from running against the indorser simply because payments by the maker have prevented its running against him.

5. ——: STATUTE OF LIMITATIONS: PAYMENTS BY MAKER: EFFECT AS TO INDORSER. Payments on a promissory note by the maker so as to prevent the plea of the statute of limitations by him, will not arrest the running of the statute in favor of the indorser. So that, if ten years have elapsed after the note became due before suit is brought, a recovery against the indorser is barred by the statute.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*George Robertson* for appellant.

(1) The contract of indorsement is a new contract and is independent of the note and it is not an engagement with the maker. Edwards on Bills and Notes [3 Ed.], sec. 383; 2 Am. and Eng. Ency. of Law, 385; Beach on Modern Law of Contracts, sec. 605; Tiedeman Com. Paper, sec. 256; *Dunnigan v. Stevens*, 122 Ill. 396; *Bowers v. Bank*, 58 Ill. App. 498; *Ferguson v. Staples*, 82 Me. 159; *Trabue v. Short*, 18 La. Ann. 257; *Lee v. Selleck*, 33 N. Y. 615; *Trimble v. Thorn*, 16 Johns. 152; *Bank v. Caverly*, 7 Gray, 217. (2) The contract of guaranty of the note is a new contract. It is not a joint engagement with the maker of the note. *Bank v. Shine*, 48 Mo. 457; *Graham v. Ringo*, 67 Mo. 324; *Pannerlie v. Williams*, 71 Mo. 410; *Prior v. Kiso*, 81 Mo. 241; *Burnham v. Gosnell*, 47 Mo. App. 637; 9 Am. and Eng. Ency. of Law, 67, 68. (3) The note became due June 4, 1880. The guaranty of Duncan's was made August 8, 1877. The note was assigned by

Samuel Grant to plaintiff in 1891. Suit was filed on the note May, 1893. The guaranty upon which suit is brought against Duncan is not assignable by Grant to plaintiff and plaintiff can not maintain an action thereon. Brandt on Guar. and Secur. [1 Ed.], sec. 35; *Springer v. Hutchinson*, 19 Me. 359; *Turley v. Hodge*, 3 Humph. 73; *How v. Kembal*, 2 McLean, 103; *Irish v. Cutter*, 31 Me. 536; *Tinker v. McCauly*, 3 Mich. 188; *Ekel v. Snevily*, 38 Am. Dec. 758. (4) The note became due June 4, 1880, and from that minute the statute began to run against the defendant, and it is immaterial whether he be held to be an indorser or guarantor. Action must have been commenced against him within ten years from that date. R. S. 1889, sec. 6774; Wood on Lim., sec. 134, p. 305, and sec. 146, p. 324; *Williams v. Granger*, 4 Day (Conn.), 444; *Koch v. Melhom*, 25 Pa. St. 89. The defendant is not a joint obligor with Carter, the maker, hence this case is not brought within the rule of *Craig v. Callaway Co. Ct.*, 12 Mo. 94. The *Craig* case follows the rule of *Whitcomb v. Whiting*, 2 Doug. 652, which has been generally repudiated in nearly all the States of the Union. Wood on Stat. Lim., sec. 286; *Beal v. Morrison*, 1 Pet. (U. S.) 351; *Freligh v. Ames*, 31 Mo. 253; *Dietz v. Corwin*, 35 Mo. 376; *Powers v. Southgate*, 15 Vt. 471; *Meetzler v. Todd*, 12 Ind. App. 381; *Van Keuren v. Pannelee*, 2 N. Y. 523.

*R. D. Rodgers* and *W. W. Fry* for respondent.

(1) It is settled law in this State that a maker and indorser of a promissory note are joint obligors. Payments made on a promissory note by the maker will arrest the statute of limitations as to an indorser who has waived demand and notice. *Maddox v. Duncan*, 62 Mo. App. 474; *Leach v. Asher*, 20 Mo. App.

656; *Zervis v. Unnerstall*, 29 Mo. App. 474; *Craig v. Callaway Co. Ct.*, 12 Mo. 94; *Lawrence v. Dunkle*, 35 Mo. 395; *Smith v. Irwin*, 37 Mo. 174; *Mastin v. Branham*, 86 Mo. 651. Our statute declares that a payment of principal or interest "by any person" will stay the statute of limitations and keep the note alive as to all parties to the note. R. S. 1889, sec. 6795; *Bennett v. McCause*, 65 Mo. 194; *Black v. Dawson*, 51 Mo. 31; *Leach v. Asher*, 20 Mo. App. 659; *Bick v. Haas*, 31 Mo. App. 183. Payment by administrator of one revives note as to others. *Vernon Co. v. Stewart*, 64 Mo. 408. Payment by one partner after, dissolution binds both. *McClury v. Howard*, 45 Mo. 365; *Harris v. Odeal*, 39 Mo. App. 270; *Shannon v. Auston*, 67 Mo. 485. Payment by sale under mortgage prevents running of the statute. *Bender v. Markle*, 37 Mo. App. 247. (2) The payee of a note, when he transfers it by indorsement before maturity, waiving demand, notice and protest, combines the liability of an indorser and guarantor, and is liable as an indorser. *Hammett v. Trueworthy*, 51 Mo. App. 281; *Bank v. Lowe*, 47 Mo. App. 151; *Airey v. Pearson*, 37 Mo. 424; Daniel on Neg. Inst., sec. 1781; *Heard v. Bank*, 8 Neb. 16; *Upham v. Prince*, 12 Mass. 15; *Gage v. Bank*, 79 Ill. 62; 2 Parsons on Contracts, p. 776. Defendant, by the indorsement on the note, became simply an indorser, and was liable as such. The words, "and I guarantee the payment of it," was surplusage and did not limit his liability as an indorser. (3) The maker and the defendant in this case, who was the payee of the note, who indorsed it before maturity, waiving notice, demand and protest, were jointly and severally liable for the payment of the note. Defendant by his act transferred the note as a fixed indorser and thereby became liable as a surety. R. S. 1889, secs. 733, 734, 1895, 2384, 2389 and 2391. They may be joined as

defendants in the same action. *Hunter v. Hempstead,*
1 Mo. 77; *Perry v. Barrett,* 18 Mo. 140; R. S. 1889,
sec. 734; *White v. Howland,* 9 Mass. 314; *Hough v.
Gray,* 19 Wend. 202; *Huntington v. Ballou,* 2 Lans. 120;
*Harris v. Ordeal,* 39 Mo. App. 275; *Vernon Co. v.
Stewart,* 64 Mo. 410. The defendant being a "fixed
indorser," and therefore liable as a surety, a partial
payment by the maker stays the statute of limitations
as to both. *Lawrence Co. v. Dunkle,* 35 Mo. 395. (4)
The liability of the defendant was from the first fixed
and absolute and not contingent, and it is a well settled
principal of the law of commercial paper that after the
liability of a party to a note once becomes fixed, no
indulgence or delay in suit will affect his liability.
*Clark v. Barrett,* 19 Mo. 40; *Right v. Dyer,* 48 Mo. 525;
*Miller v. Mellier,* 59 Mo. 388; *Koenig v. Bromlett,* 20
Mo. App. 639; *Hammett v. Trueworthy,* 51 Mo. App. 285.

BURGESS, J.—On June 1, 1877, James T. Carter
executed his note to the defendant for the sum of
$2,000 due three years after date with interest at the
rate of ten per cent per annum compounded annually.
Thereafter defendant, by the following indorsement,
assigned said note to Samuel Grant: "Waiving notice
and protest and demand, I assign the within note to
Samuel Grant for value received and I guarantee the
payment of it. August 8, 1877. M. G. Duncan."
Grant assigned the note to plaintiff about June 1, 1891.

The petition was in two counts. The first count
was an action against the defendant as indorser, and
the second count was against him as indorser and
surety. The answer was a plea of the ten year statute
of limitations. Numerous payments were made upon
the note by the maker Carter. The last payment
made by him was $150, paid January 27, 1891. The
note, however, was secured by deed of trust on a tract

of land in Audrain county which was sold thereunder by J. N. Stephens, sheriff and acting trustee, and $1,915.93 realized from the sale, which was applied as a credit on said note on March 16, 1894. No payment was ever made upon the note by defendant. At the September term, 1895, of the circuit court of Audrain county the case was tried to the court without the aid of a jury, and judgment rendered in favor of plaintiff for $2,680.24, from which defendant appealed.

It is a rule of universal application in commercial law that every indorsement of a promissory note, whether for accommodation or otherwise, is essentially a new contract, independent of any contract obligations of the maker. Edwards on Bills and Notes [3 Ed.], sec. 383; Beach on Mod. Law of Contracts, sec. 605; Tiedeman on Com. Paper, sec. 256; *Dunnigan v. Stevens*, 122 Ill. 396; *Trabue v. Short*, 18 La. 257; *Trimble v. Thorne*, 16 Johns. 152; *Aymar v. Sheldon*, 12 Wend. 439; *Hunt v. Standart*, 15 Ind. 35.

In *Furgerson v. Staples*, 82 Me. 159, it is said: "The indorsement of a note is a new contract. The indorser engages that the note shall be paid according to its tenor; that is, upon proper presentment, demand and notice; he engages that it is genuine and the legal obligation that it purports to be, and that he has title to it, and a right to indorse it. Story Pr. Notes, sec. 135; Daniel Neg. Inst., sec. 669; *Bank v. Fearing*, 16 Pick. 533; *Bank v. Caverly*, 7 Gray, 217. All engagements of the indorser, except payment, conditioned upon demand and notice, and possibly the validity of the note when it is voidable only, are absolute warranties and not dependent upon any condition whatever. If the note transferred by indorsement be a forgery, or absolutely void for any other reason, the indorser may be sued for the original consideration paid him, or may be held as a party without

demand and notice. Daniel, Neg. Inst., secs. 669, 675, 1113; Parsons Notes and Bills, 444; *Copp v. McDugall*, 9 Mass. 1; *Burrill v. Smith*, 7 Pick. 291." The indorser's liability as such becomes fixed when demand of payment of the note is made of the principal on the day that it falls due, is refused, and he is notified thereof. These conditions were expressly waived by the indorser in this case, so that the liability of Duncan became fixed when the note became due and default was made in the payment.

The question to be determined is with respect to the relation that defendant bore to the holder of the note, whether that of indorser or surety. It is perfectly clear that he was not a surety, so that whether he be indorser or guarantor he could not in the absence of statutory enactment be joined in the same action with the maker. *Ross v. Jones*, 22 Wall. 576; *Graham v. Ringo*, 67 Mo. 324. But by section 1995, Revised Statutes 1889, it is provided that "every person who shall have a cause of action against several persons, including parties to bills of exchange and promissory notes, and who shall be entitled by law to one satisfaction therefor, may bring suit thereon jointly against all or as many of the persons liable as he may think proper," so that plaintiff, had he desired to do so, might have maintained an action against Duncan and the maker of the note jointly.

In *Vanzant, Jones & Co. v. Arnold, Hamilton & Johnson*, 31 Ga. 210, the defendant negotiated notes with the following indorsement on the back: "For value received, we assign the within notes to A. J. & H. and H. E. D. & Co., waiving demand and notice, and guarantee the payment of the same." And it was held that the defendants were liable on said notes as indorsers. In *Weitz v. Wolfe*, 28 Neb. 500, the payee of a negotiable promissory note sold the same

with the following written on the back: "I guarantee the payment of the within note, waiving demand and notice of protest," which was signed by the payee and it was ruled that he was indorser. By guaranteeing the payment of the note the position of the indorser and payee was not changed from that of indorser to that of guarantor. It will be observed that the indorsement on the note here sued on is in almost the exact words of the indorsements on the notes sued on in those cases, which seem to settle the question that the defendant herein occupies the relation of indorser toward the notes in question.

What effect then did the payments on the note by the maker which staid the statute of limitations and kept the note alive as to him, have upon the defendant as indorser? This depends upon the proper construction to be given to our statute of limitations. The sections bearing upon the subject now under consideration are as follows:

*Section* 6793. "In actions founded on any contract, no acknowledgment or promise hereafter made shall be evidence of a new or continuing contract, whereby to take any case out of the operation of the provisions of this article, or deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing subscribed by the party chargeable thereby."

*Section* 6794. "If there be two or more joint contractors or joint executors or administrators of any contract, no such joint contractor or executor or administrator shall lose the benefit of the provisions of this article, so as to be chargeable by reason only of any acknowledgment or promise made or subscribed by any other or others of them."

*Section* 6795. "Nothing contained in the two preceding sections shall alter, take away or lessen the

effect of a payment of any principal or interest made by any person.''

In *Craig v. Callaway County Court*, 12 Mo. 94, it was ruled that the payment of interest by one of several joint obligors in a bond before the statute of limitations attaches takes it out of the statute of limitations as to the others. So it was held in *Vernon Co. to use, etc., v. Stewart*, 64 Mo. 408, that part payment made upon a bond by the administrator of one of the joint makers within the statutory period would prevent the running of the statute of limitation in favor of the other makers of the bond. And in *Bennett v. McCanse*, 65 Mo. 194, it was intimated that part payment of a note by a co-maker will arrest the running of the statute as against all the parties to the note. The same rule was announced in *Bender v. Markle*, 37 Mo. App. 234. When this case was before the St. Louis Court of Appeals (*Maddox v. Duncan*, 62 Mo. App. 474), ROMBAUER, J., in delivering the opinion of the court, said: ''In *Leach v. Asher*, 20 Mo. App. 656, and *Zervis v. Unnerstall*, 29 Mo. App. 474, we reviewed the decisions in this State on that subject and were forced to conclude that the rule as stated in *Craig v. Callaway Co. Ct., supra*, was the rule prevailing in this State, whatever the rule may be in other jurisdictions.''

Duncan was neither joint maker of nor co-obligor on the note in question. His position was that of indorser, and his contract as such was separate from and independent of the note, and so entirely independent from that of maker, or co-obligor, that he could not at common law have been sued jointly with the maker, but a separate action was indispensible. 1 Daniel on Neg. Inst. [4 Ed.], sec. 689; *Ross v. Jones, supra*. An indorser's contract is governed by the laws of the State where the indorsement is made, and not necessa-

rily by the laws of the State where the note is made. They may be and often are made in different States.

The position of indorser is so at variance with that of surety and co-obligor that the adjudications to the effect that payment made on a note by one joint maker or co-obligor within the statutory period takes it out of the statute of limitations as to the other makers or co-obligors, have no bearing upon this case. Nor does the fact that under the statute the maker and indorser may be sued jointly change the relation of the parties.

The statute which provides (sec. 6795, *supra*) that "nothing contained in the two preceding sections shall alter, take away or lessen the effect of a payment of any principal or interest made by any person," means that such payment in order to arrest the statute of limitations must be made by some co-surety or co-obligor, or the legal representative of such person, and does not mean that such a payment by a maker or surety on the note or a stranger thereto will arrest the statute as to an indorser.

Our conclusion that the payments on the note by the maker, Carter, did not arrest the running of the statute of limitations as to the indorser, Duncan, and that more than ten years having elapsed after plaintiff's cause of action accrued against him as indorser that the action was barred at the time of the commencement of the suit.

We therefore reverse the judgment without remanding the cause. GANTT, P. J., and SHERWOOD, J., concur.