URI J. HILL, Plaintiff in Error, v. B. F. COOMBS et al., Defendants in Error.

Kansas City Court of Appeals, March 3, 1902.

1. **Bills and Notes: CONSIDERATION: GUARANTORS.** While a note was in the hands of the payee he secured W and C to write their names on the back thereof with knowledge that he wished to use the note to raise money. Thereafter the payee wrote his name below the others and sold it to plaintiff. *Held*, the payment of the purchase money of the note was sufficient to sustain the collateral promise of C and W.

2. ———: INDORSERS AND GUARANTORS: JOINDER. A joint action will lie against the indorsers and guarantors of a note.

Error to Jackson Circuit Court.—*Hon. E. P. Gates*, Judge.

REVERSED AND REMANDED.

*Meservey, Pierce & German* for defendant in error J. H. White.

Coombs and White signed their names upon the back of the note after it had been executed and delivered by the maker to the payee; by reason of these facts the defendants were not co-makers as alleged by plaintiff, but guarantors, and they could not be sued in the same suit with the maker or in-

dorsers. This is the law. Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. App. 637; Adams v. Huggins, 73 Mo. App. 140; Bank v. Shine, 48 Mo. 464; Graham v. Ringo, 67 Mo. 324.

*Hamner & Hamner* for defendant in error B. F. Coombs.

(1) One who puts his name on the back of a note after its execution and delivery is a guarantor as to every man who knows these facts. Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. App. 637; Adams v. Huggins, 78 Mo. App. 219; Adams v. Huggins, 73 Mo. App. 140. (2) Makers and indorsers may be sued together, but makers and indorsers can not be sued with guarantors. Bank v. Shine, 48 Mo. 464.

*Frank Hagerman* and *Geo. R. Thompson* for plaintiff in error.

A close examination of the answer will show that the only substantial defense alleged was want of consideration, but this court has succinctly decided that Hill, having refused to buy the note from Blakemore without further indorsements, and having bought upon the faith of Coombs and White then placing their names upon the back of the note, there was ample consideration for the undertaking. Adams v. Huggins, 78 Mo. App. 219. There being ample consideration and no other defense pleaded, plaintiff was clearly entitled to a judgment.

SMITH, P. J.—This is a suit by plaintiff against defendants on a promissory note. There was a trial in the circuit court where the defendants Coombs and White had judgment. Plaintiff brings the cause here on writ of error.

There were special findings of fact and conclusions of law made by the trial court which were incorporated into its judgment and which are as follows: "The court finds that the defendants, Lee Blakemore and Annie R. Blakemore, are indebted to plaintiff on the note sued on the sum of six hundred and seventy-four dollars, for which sum judgment is hereby rendered, with interest thereon at eight per cent from this third day of July, 1897, in favor of plaintiff and against defendants, Lee Blakemore and Annie R. Blakemore.

"The court finds that the note sued on, while in the possession of the payee, Lee Blakemore, was offered for sale and shown by him to plaintiff before the names of defendants Coombs and White were indorsed thereon; that plaintiff refused to purchase the same without other names being added and written on the same.

"That thereupon said Blakemore went to defendants White and Coombs and requested that they write their names on the same, and told each of them at the time that he wished to raise money on the note. That Coombs and White thereupon wrote their names on the back of said note, sometime after the note had been executed by the maker, A. M. Ready, and delivered to the payee, Lee Blakemore, to enable Blakemore to raise money on the same, and without consideration moving to said White and Coombs or either of them. Thereafter, on January 8, 1896, said payee indorsed and sold said note to plaintiff for the sum of $500, writing his name on the back of said note after all the others.

"The court finds that said White and Coombs are neither of them liable on said note as makers or indorsers, and can not be held in this case as guarantors, but this without prejudice to the right of plaintiff to sue defendants White and Coombs in another suit upon proper allegations.

"The court renders judgment against the plaintiff and for said defendants White and Coombs, and that said defendants White and Coombs have and recover of and from

said plaintiff their costs in this case incurred and expended, and have execution therefor."

We think that the conclusions of law as stated by the court were unauthorized by its findings of facts, and were, therefore, erroneous. The consideration which passed from plaintiff to Blakemore, the payee and holder of the note, was sufficient to sustain the collateral promise of the defendants Coombs and White, the guarantors. Adams v. Huggins, 78 Mo. App. 219.

And the further conclusion that the defendants being guarantors could not be joined with the payee and indorser seems to be contrary to what was ruled in Maddox v. Duncan, 143 Mo. 613.

It results that the judgment must be reversed and cause remanded. *Broaddus, J.,* concurs; *Ellison, J.,* not sitting.