TANEY COUNTY BANK, Respondent, v. J. P. BRAY et al., Defendants, and J. A. SHERRODD, Appellant.

Springfield Court of Appeals, February 7, 1910.

BILLS AND NOTES: Actions: Parties.   Under the Missouri statutes, where the payee has endorsed a note and guaranteed the payment of it, the holder of the note may sue the makers and payee jointly.

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*Price & Ford* for appellant.

(1)   The general doctrine is that the contract of the guarantor, being independent of that of the principal he cannot be jointly sued in the same action with the principal.   Prior v. Kiso, 81 Mo. 241; Bank v. Shine, 48 Mo. 463; Graham v. Ringo, 67 Mo. 324.   (2)   The note in suit was given in August, 1901, and not transferred to plaintiff until January, 1904, a year or more after maturity.   The writing of defendant's name upon the back at that time was a separate and distinct transaction long after the note had been delivered and put into circulation.   By doing so defendant became a guarantor and not a maker.   Adams v. Huggins, 73 Mo. App. 140; Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. 637.   (3)   A guarantor cannot be sued jointly with the makers or principal debtor.   Parmelee v. Williams, 71 Mo. 410; Graham v. Ringo, 67 Mo. 324; Guerney v. Moore, 131 Mo. 650.

D. F. McConkey for respondent.

The endorsement upon this note by J. A. Sherrodd is a guaranty of payment, and not a guaranty of collection, and plaintiff was not compelled to exhaust its remedy against the original makers of the note before proceeding against the guarantor and endorser. R. S. 1899, sec. 545; Osborne & Co. v. Lawson, 26 Mo. App. 549; Wright v. Dyer, 48 Mo. 525; Airey v. Pearson, 37 Mo. 426; Maddox v. Duncan, 143 Mo. 613; Hill v. Combs, 92 Mo. App. 242, 93 Mo. App. 264.

GRAY, J.—This is a suit by plaintiff against defendants on a promissory note executed on the 15th day of August, 1901. The makers of the note were the defendants, J. P. Bray and J. G. Lewis, and the note was payable to the appellant. The note came due seventeen months from date, and on or about the 9th day of January, 1904, the appellant endorsed said note in writing across the back thereof, as follows, to-wit: "For value received I hereby guarantee payment of the within note, and waive demand and notice of protest on same when due.    J. A. Sherrodd." By this endorsement, the appellant transferred the note to the respondent.

This suit was commenced in the circuit court of Taney county. The defendants, Bray and Lewis, filed a separate answer. The appellant filed a demurrer to the petition, alleging the following: "Because the defendant, J. A. Sherrodd, is not a necessary party to the complete termination of the action. Because two separate and distinct causes of action have been improperly united in the same court in the petition. Because there is a misjoinder of parties defendants."

The demurrer was overruled, and in due time the appellant perfected his appeal to this court. The record does not show that any judgment was rendered against the appellant, except the judgment of the court overruling his demurrer. Waiving the question of the failure to show any judgment rendered on the plain-

tiff's cause of action, the only point urged by appellant for reversal of the judgment, is that the contract of the guarantor being independent of that of the principal, he cannot be jointly sued in the same action with the principal. It may be true that as a general proposition, appellant's position is correct. But in this State and by virtue of our statute, where the payee has endorsed a note and guaranteed the payment of it, the holder of the note may sue the maker and the payee jointly. [Maddox v. Duncan, 143 Mo. 613, 45 S. W. 688; Hill v. Combs, 92 Mo. App. 242; Hill v. Coombs, 93 Mo. App. 264.]

The court committed no error in overruling the demurrer and the judgment appealed from will be affirmed. All concur.