WRITE AWAY PEN COMPANY, Defendant in Error, v. T. E. BUCKNER, et al., Plaintiffs in Error.

Kansas City Court of Appeals, April 5, 1915.

·1. **BILLS AND NOTES: Joinder of Defendants Severally Liable: Joint Liability: Endorser and Maker.** Under Sec. 1734, R. S. 1909, of the Missouri statute, authorizing one who "has a cause of action against several, including parties to bills and notes, and entitled to but one satisfaction" to join all of them in one action; it was *held*, that the cause of action need not be joint, nor need there be a joint liability. Therefore the maker and endorser or guarantor of a promissory note may be joined as defendants in one action. Cases discussed.

2. **SEVERAL OBLIGORS: Joint Obligors.** By the terms of the Missouri statute (Sec. 1734, R. S. 1909) several obligors, bound severally, may be jointly sued; by another statute of the same State (Sec. 2772) joint obligors may be severally sued.

3. ————: **Joinder of Defendants: Several Counties.** The makers of a note resided in one county and the payees in another. The latter endorsed the note and the endorsees sued them in their county joining the makers in another county in the action and having writs issued to them. It was *held*, that while generally a maker and endorser could not be joined in one action, yet by reason the statute (Sec. 1734, R. S. 1909) they were properly joined and jurisdiction was obtained over them.

Error to Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Wm. P. Palmer* and *J. D. Gustin* for plaintiffs in error.

*M. T. January* for defendant in error.

ELLISON, P. J.—The petition in this cause is based on two promissory notes, the action on each being set forth in separate counts. The judgment in the trial court was for the plaintiff.

There are four defendants in the cause, viz., T. E. Buckner, J. W. Roberts, A. J. Boatright and M. A. Sneed. It is alleged in the petition that defendants Buckner and Roberts executed the notes to the defendants Boatright and Sneed who did business as partners under the name of the Vernon Advertising & Manufacturing Company; and that they, by the latter name, endorsed and delivered the notes to plaintiff, for value received. It was further alleged that defendants Buckner and Roberts were residents of Dent county, Missouri, and that defendants Boatright and Sneed resided in Vernon county where the suit was brought. A summons was issued and served on Boatright in Vernon county; Sneed also was served; another was issued to Dent county and there served on defendants Buckner and Roberts, the makers of the notes. Each of these writs was made returnable to the Vernon County Circuit Court to be held in that county, on the first Monday in October, 1914. The defendants Boatright and Sneed made default. But defendants Buckner and Roberts summoned from Dent county, appeared specially and attacked the jurisdiction of the court over their persons by filing a motion to dismiss as to them. The grounds of the motion being that as they were the makers and the other defendants were the endorsers of the notes, there was no joint liability with the resident defendants and therefore they could not lawfully be summoned from Dent County, and hence the court had no jurisdiction over them. As stated above the trial court ruled against them.

The action having been instituted in Vernon county the question in the case is, could the defendants Buckner and Roberts, living in Dent county, be made co-defendants with Boatright and Sneed? The statute (Sec. 1751, R. S. 1909) provides that when there are several defendants residing in different counties, suit may be brought in either of such counties, and separate writs of summons issued to each county (sec. 1764). The defendants, thus referred to in those sections, are persons who have adverse interests in the controversy to the plaintiff, or else are necessary parties to a complete determination of the question involved in the action (Secs. 1727, 1732). No right exists in a plaintiff to name some one in the home county as a defendant who has no interest in the controversy, or is not necesary to its determination; and he cannot by such subterfuge give the court jurisdiction over the person of a defendant in another county. [State ex rel. v. Bradley, 193 Mo. 33.] By the terms of section 1734, certain parties defendant—adversary parties to the plaintiff—are mentioned and an action is authorized against them jointly. The section reads as follows: "Every person who shall have a cause of action against several persons, including parties to bills of exchange and promissory notes, and who shall be entitled by law to one satisfaction therefor, may bring suit thereon jointly against all or as many of the persons liable as he may think proper; and he may, at his option, join any executor or administrator or other person liable in a representative character, with others originally liable."

Certainly defendants Buckner and Roberts, makers of the notes in suit, fill the first requirement above stated, that is, they are adversary parties to the plaintiff who is assignee of the notes; and we are therefore brought to the main contest in the case, viz., the proper construction of the statute just quoted. It seems to us that it is plain authority for joining all

the defendants in the one action. This plaintiff and these defendants are within the very letter of that statute. They are parties to a promissory note and plaintiff has a cause of action against each of them, and is entitled to but one satisfaction; therefore, under the express terms of the statute, the defendants may be joined in one action. It has been so decided by the Supreme Court and Courts of Appeals. [Holland v. Hunton, 15 Mo. 475; Maddox v. Duncan, 143 Mo. 613; Meis v. Gyer, 4 Mo. App. 404, 407; Hill v. Combs, 92 Mo. App. 242, 253; S. C., 93 Mo. App. 264, 267; Bank v. Bray, 141 Mo. App. 692.] The first of those cases was decided in 1852 (Laws 1848-9, sec. 8, p. 76), and we have not seen where it has been questioned. Nor have we seen where any different construction of the statute has been stated, where the statute was under consideration.

But while that is true, it must be conceded that the matter has been thrown into some confusion by the case of Graham v. Ringo, 67 Mo. 324. That case manifestly was decided without having in mind the statute (now section 1734). Such was our conclusion in Roark v. Epworth Co., ante, 252. The statute is not mentioned by the court, nor, so far as the briefs show, by the attorneys in the cause. The decision is based on the common law, uninfluenced by the statute, and, on that basis, decided that as a guarantor was not jointly liable with the maker, he could not be sued with the latter and not being jointly liable, he was improperly joined and the statute (now sections 1751, 1764) did not authorize a summons for him to another county. To say that parties to be jointly sued must be jointly liable is to totally annul the statute; and to make it read in this way: "Every person who shall have a *joint* cause of action against several may sue them jointly. A thing that could be done without the help of a statute. But whatever may be said of Graham v. Ringo, in the later case of

Maddox v. Duncan, supra, the Supreme Court expressly stated at pages 619 and 622 that the statute authorized a joint action against a maker and endorser. It is suggested to us that the question was not involved in the latter case, and what was said thereon was *dictum*. But we think it was involved. It is true the question was one concerning the Statute of Limitation. But it became necessary to decide that an endorser and maker of a promissory note were not joint obligors and it naturally involved a reference to the statute which allowed them to be sued together.

But it is claimed that the case of Hazeltine v. Messmore, 184 Mo. 298, written by the same Judge who wrote Maddox v. Duncan, recognizes Graham v. Ringo as authority. We think not. Hazeltine v. Messmore was not an action on a note, but arose in this way: Bird & Miller Grain Company, a partnership residing in Jackson county, shipped cars of grain to Messmore, Gannett & Company of St. Louis. The former made an assignment and the assignee brought an action in Jackson county joining Bird and Miller of Jackson with Messmore, Gannett & Company of St. Louis and a summons was issued for the latter to St. Louis. The latter first appeared specially and objected to the jurisdiction of their persons, on the ground that Bird and Miller had been made parties for the sole purpose of giving the court apparent jurisdiction over them, notwithstanding they lived in St. Louis, under the provisions of section 1751, Revised Statutes 1909, authorizing summons to be sent to different counties. The charge by the assignee was that the defendants had conspired together to defraud the creditors of Bird & Miller. The decision, after disposing of points as to the appeal, abstracts, etc., begins, on the merits, at page 312. It was decided (pp. 313, 314) that there was no joint liability because there was no liability *at all* on the part of Bird and Miller for fraud in an action by their own assignee. It is

next. decided (pp. 314, 315) that Bird and Miller had been made parties merely to obtain jurisdiction over Messmore and Gannett and that that could not be done.   Then it is decided (pp. 315, 317) that Messmore and Gannett had appeared generally and that they thereby conferred jurisdiction.   It is then decided (pp. 317, 318) that the plaintiff as assignee of Bird and Miller, could not maintain the action.

Again, it is claimed that the Supreme Court in State ex rel. v. Bradley, 193 Mo. 33, recognized Graham v. Ringo as authority.   We think not.   There the action involved was brought on a contract of employment, in Johnson county by Mr. Houts against Mr. Suddath of that county, Mr. Jackson of St. Louis being joined as a party defendant.   The court held that Suddath was not an adverse party to the plaintiff and that the plaintiff "joined Suddath as a defendant with Jackson in the Johnson county suit for the purpose of giving jurisdiction to that court, but not with any idea or expectation of obtaining any judgment against Suddath."   It was therefore decided that no jurisdiction was obtained over Jackson. Section 1734, now being construed, was not in any way considered in that case; nor does it recognize that that section was construed in Graham v. Ringo.

But while State ex rel. v. Bradley did not involve the statute now being construed, it naturally brought into consideration what the court had said in Graham v. Ringo and Hazeltine v. Messmore on the other sections of the statute to which we have referred concerning the right to bring in, and obtaining jurisdiction over, defendants residing in a different county from that where the suit was brought.   And in answer to the suggestion that Graham v. Ringo had been overruled by Maddox v. Duncan, Judge MARSHALL said that the latter case "was not intended by the writer thereof as overruling what was said in Graham v. Ringo, *on the question of jurisdiction.*"   And that

Maddox v. Duncan "followed Graham v. Ringo, *on the question of jurisdiction.*" We feel justified in attaching some significance to the words we have italicized in this quotation. That is to say, Judge MARSHALL, by stating that the Maddox case did not overrule the Graham case on the question of jurisdiction over defendant's residing in different counties, impliedly conceded that it correctly stated the statute we are now considering.

We may concede that, generally, where there are several persons, some residing in the county where it is proposed to bring a suit against them and some in another county, the person in the home county cannot be made a proper party defendant unless he is jointly liable with those in the other counties. But there is an exception in those instances provided for in section 1734, where though the liability is several the action may be joint. Thus in an action on a note, the maker may live in one county and the guarantor, or endorser, in another. In such case there is no joint liability, in a proper sense, for the reason that the cause of action against one is not the cause of action against the other; yet, by force of the statute, they may be joined in one action. But their liability, respectively, is not changed; the liability of each being made out of their separate and independent agreements. The policy of the State, as evidenced by the statute, is to facilitate remedies by relief from some of the rules of the common law. Thus, while by section 1734, several obligors may be jointly sued, by another statute (Sec. 2772) joint obligors may be severally sued. The views herein are in keeping with those expressed in Roark v. Epworth Co., supra.

By the terms of section 9980, Revised Statutes 1909, a note is considered as made payable to bearer where it is made payable to a fictitious, or nonexisting person, or when the name of the payee does not purport to be the name of any person. The notes in

controversy as already stated, were made payable to the Vernon Advertising and Manufacturing Company. The petition alleges that to be the partnership and firm name of defendants Boatright and Sneed. Defendants Buckner and Roberts have suggested that by reason of this these notes were payable to bearer, and as such, they could be negotiated by delivery and did not need an endorsement and therefore could not be endorsed by the actual payees so as to authorize an action against them and the makers residing in a different county. We do not consider the point as having merit.

We think the trial court took the correct view of the statute and hence affirm the judgment. All concur.