STATE ex rel. CAMPBELL et al.

v.

JAMES.

No. 43712.

Supreme Court of Missouri.

En Banc.

Dec. 14, 1953.

Rehearing Denied Jan. 11, 1954.

Harry H. Kay, Eldon, Stanley Garrity, Scott R. Timmons, Caldwell, Downing, Garrity & Eastin, Kansas City, for relators.

Alvin C. Randall, Hogsett, Depping, Houts & James, Kansas City, Errol Joyce, Brookfield, and Walter A. Raymond, Kansas City, for respondent.

HOLLINGSWORTH, Judge.

This is an original proceeding brought by J. A. Campbell, Jewell Campbell and Bruce Allen to prohibit Honorable John R. James, Judge of the Independence Division of the Circuit Court of Jackson County, from proceeding further with the hearing of the cases of (1) Harold Pilkington and Theora Pilkington v. Kansas City Fire & Marine Insurance Company et al., and J. A. Campbell, Jewell Campbell and Bruce Allen, No. 112,166, and (2) A. D. Austin and Marguerite Austin v. Standard Fire Insurance Company et al., and J. A. Campbell, Jewell Campbell and Bruce Allen, No. 112,167, so far as the individual defendants Campbells and Allen are concerned, because, it is asserted, the Circuit Court of Jackson County has no jurisdiction over the persons of said Campbells and Allen. Following issuance of our preliminary rule, respondent made return thereto by way of demurrer to the petition and motion to quash the preliminary rule. Relators moved for judgment on the pleadings, and the matter was thus briefed, orally argued and submitted. Hence, the allega-

tions of fact in relators' petition are to be taken as admitted.

The two suits here involved were originally filed in the Circuit Court of Miller County, Missouri, by the same plaintiffs against J. A. Campbell, Jewell Campbell and Bruce Allen, who were at all times herein mentioned residents of said county. The petitions in the cases filed in Miller County are identical with the petitions filed in the Circuit Court of Jackson County in so far as the allegations against defendants Campbells and Allen are concerned. They alleged in substance that defendants J. A. Campbell and Jewell Campbell, as husband and wife, owned certain real estate near Bagnell Dam in Miller County and that plaintiffs in each suit owned land lying near the land of the Campbells. The petition in the Pilkington case then alleged that the Pilkingtons had erected on their land a store building costing $9,000, had installed therein fixtures at a cost of $250, and had expended an additional $1,000 for improvements thereon; that upon completion of said building, plaintiffs placed therein a stock of merchandise, from which store plaintiffs were making a profit of $150 a day. The petition then states that defendants Campbells employed defendant Allen to do some blasting with dynamite on Campbells' land and that Allen set off an enormous charge of dynamite which so shook the earth, underlying rock layers, footings and foundation of plaintiffs' building so as to break and shatter same, leaving large cracks therein, so that rains came seeping through the cracks causing said footings and foundation to give way, and the building to collapse and be completely destroyed. The prayer of the petition was to recover $22,000 damages against defendants, consisting of property damage in the sum of $9,708 and special damage in the sum of $12,292.

The petition in the Austin suit filed in Miller County alleged that the Austins owned land near the Campbells' land and set forth the same allegations against the Campbells and Allen about the setting off of the charge of dynamite as was alleged in the Pilkington suit; that the Austins had spent $3,000 erecting a boathouse and, connected therewith, another building costing $1,600 in which they had a popcorn stand costing $350; and that the boat rental business returned a profit of $50 per day and the popcorn stand a profit of $200 per month. The prayer was for $8,500 damages, consisting of property damage in the sum of $5,100 and special damage in the sum of $3,400.

In each of said suits filed in Miller County the insurance companies which have been joined as parties defendant in the suits filed in Jackson County were permitted to intervene and each filed an intervening petition in the form of an action for a declaratory judgment, wherein each alleged it carried explosion insurance on the property of the plaintiffs in the suit in which it had intervened; that plaintiffs' damage was not caused by explosion; but that if it were found the explosion did cause plaintiffs' damage and a judgment were rendered against it for the amount of its respective explosion insurance coverage, it then prayed a like recovery over from defendants Campbells and Allen. Plaintiffs thereafter dismissed the Miller County suits without prejudice and brought the actions here involved, joining said insurance companies as parties defendant. The Pilkington suit joined five insurance companies as defendants and in each of the first five counts of the petition asked judgment against each insurance company for the amount of explosion insurance each carried, together with attorneys fees and damages for vexatious delay. The sixth count, together with allegations common to all counts, is identical with the petition filed in Miller County, and is against the same defendants Campbells and Allen. The amount of damages asked in the sixth count is the same, $22,000. The damages sought against the five insurance companies on their insurance contracts total $10,500, plus attorneys fees and damages for vexatious delay. The Austin suit joined as defendants two insurance companies and sought recovery against each for the amount of the explosion insurance carried by it, a total of

$2,000, plus attorneys fees and damages for vexatious delay, and recovery against the Campbells and Allen for the same amount as sought in the Miller County suits, $8,500.

The defendant insurance companies were served with process of summons in Jackson County, where, it is admitted, they were legally domiciled for the purpose of venue in said suits. The defendants Campbells and Allen were each served with summons in Miller County by the sheriff of that county.

Each of the insurance company defendants in each of the Jackson County suits filed separate answer and cross-bill therein, the answer denying that plaintiffs' were damaged by an explosion but averring their damage, if any, was caused by flood waters; and in each cross-bill praying if judgment should be rendered against it then it have judgment over by way of subrogation against defendants Campbells and Allen. The Campbells and Allen, appearing specially, filed in each suit separate motions to quash the service of summons and to dismiss the action as to them, and also separate motions to strike the cross-claims of their codefendant insurance companies. Following hearing thereof, respondent herein overruled said motions in each case, and this proceeding ensued.

Relators and respondent agree that if the Circuit Court of Jackson County has acquired jurisdiction over the persons of relators it has done so under Section 508.010 RSMo 1949, V.A.M.S., which provides: "Suits instituted by summons shall, except as otherwise provided by law, be brought: * * * (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county; * * *."

Relators contend that as § 508.010 is construed by the courts of this state a defendant residing in a county other than the county in which suit is brought cannot be lawfully served with summons in the county of his residence unless a *joint cause of action* is pleaded against the resident and nonresident defendants; and that the petition herein does not plead a joint cause of action against the defendant insurance companies and relators.

Respondent contends that the petitions in both suits allege facts which, under the provisions of Section 507.040 RSMo 1949, V.A.M.S., authorize a *joint action* against relators and the insurance companies; and that relators thereby become amenable to service in Miller County under process issued out of Jackson County under the provisions of § 508.010. Insofar as applicable here, said § 507.040 provides: "* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

Relators deny that the insurance contracts sued on and upon which plaintiffs predicate their right to recovery against the insurance companies arose out of the same transaction or occurrence as the causes of action alleged against the relators, to wit: their tortious act of setting off an enormous charge of dynamite; and that, therefore, § 507.040 does not authorize their joinder in said suits.

It must be conceded that the suits here involved do not plead a joint cause of action against relators and the insurance companies. Hence, the questions to be decided are: Does § 508.010 under which relators were served with summons apply only to defendants residing in counties other than that of the resident defendant when a joint cause of action is pleaded against them? Or is it also applicable when they are made parties defendant in a suit in which their joinder is permitted under the provisions of § 507.040, even though a joint cause of action is not pleaded? And, if § 508.010 is applicable to suits brought under the provisions of § 507.040, then was there proper joinder of the relators and the insurance companies under the provisions of § 507.040?

The cases cited by relators in support of their contention that a joint cause of action must be stated before venue will attach to a nonresident defendant under § 508.010 were written prior to the enactment of the new code. Prior to enactment of the new code, § 854, R.S.Mo.1939, permitting the joinder of defendants in certain actions in which, but for the statute, they could not have been joined, had been in effect for many years. That section provided: "Every person who shall have a cause of action against several persons, including parties to bills of exchange and promissory notes, and who shall be entitled by law to one satisfaction therefor, may bring suit thereon jointly against all or as many of the persons liable as he may think proper; * * *." Although that section was repealed by the act creating the new code and present § 507.040 was enacted in lieu thereof, yet the cases dealing with the old section (854, R.S.Mo.1939) may be considered in determining whether venue attaches against a nonresident defendant under § 508.010 only in cases wherein a joint cause of action is stated. Most of those cases deal not with whether a *joint cause of action* has been stated, but whether *any* cause of action has been stated against the resident defendant, which, of course, is a prerequisite to lawful joinder of a nonresident defendant in any suit. In some of them it was stated that venue attached under § 508.010 only where a joint cause of action was pleaded against the nonresident defendant, but it is apparent that the statements were not made with the purpose of distinguishing a *joint cause of action* from a lawfully brought *joint action.* With one exception to which we will revert, none of them ever held that venue did not attach where the nonresident defendant was made subject to joint action under the then existing statute, § 854 R.S. Mo.1939. As was pointed out in State ex rel. C. H. Atkinson Paving Co. v. Aronson, 345 Mo. 937, 138 S.W.2d 1, 3, the test actually applied in all of them, with the one exception mentioned, was *liability to joint action* under then § 854, supra, rather than *joint liability.* See also: Cooney v. Pryor, Mo.App., 203 S.W. 629; Write Away Pen Co. v. Buckner, 188 Mo.App. 259, 175 S.W. 81, 82; Riffe v. Wabash Ry. Co., 200 Mo. App. 397, 207 S.W. 78, 80. The confusion in terminology arose out of the early case of Graham v. Ringo, 67 Mo. 324, wherein it was held that the venue statute (now § 508.010) contemplated a case in which "there is joint liability on the part of all the defendants." In so doing, the court either overlooked or ignored the statute (which later became § 854, R.S.Mo.1939) authorizing joinder in the instances therein specified. That decision, as was noted in State ex rel. C. H. Atkinson Paving Co. v. Aronson, supra, was manifestly in contravention of the venue statute (now § 508.010), which contains no language whatever restricting its provisions to defendants against whom a joint cause of action has been stated. See also Write Away Pen Co. v. Buckner, supra, to the same effect.

Indeed it would create an anomalous situation if we were to hold that § 508.010 applied only in cases stating a joint cause of action. For many years statutory authority has existed to join as parties defendant parties against whom there was no joint cause of action (former § 854, R.S.Mo. 1939, and present § 507.040). During all of this time the venue statute, present § 508.010, has provided, without restriction, that when there are several defendants, and they reside in different counties, the suit may be brought in any such county. We would go far afield if we should hold that notwithstanding the clear and unrestricted provisions thereof § 508.010 should be limited to only those actions wherein a joint cause of action is stated against both the nonresident and resident defendants, and that it does not contemplate service in cases brought under the permissive joinder statute, § 507.040. To so hold would restrict the permissive joinder statute, § 507.040, to cases where all defendants resided within the same county. The cases cited by relators, to wit: State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487; Diehr v. Carey, 238 Mo.App. 889, 191 S.W.2d 296; and Hockaday v. Gilham, 206 Mo.App. 132, 226 S.W. 991, are not authority for such a result. We

hold that § 508.010 governs the venue of actions wherein several defendants residing in different counties are lawfully joined under the provisions of § 507.040, regardless of whether they are joint causes of action.

In determining whether § 507.040 authorized the joinder of relators and the insurance companies, we must look to its provisions and fair intendment. Do the plaintiffs in the suits here involved assert against the relators and the insurance companies any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and in which a question of law or fact is common to all of them? The statute treats of "occurrences" and "transactions" in the disjunctive and as having separate meanings, as of course they do. It is true that the word "transaction" has been given a very broad meaning in the case law of this state. See Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 474. But the fact remains that the word "occurrence" and the word "transaction" are not synonymous or interchangeable.

The damages which the plaintiffs in each suit seek to recover from relators are predicated upon trespass and resultant destruction of property, clearly an occurrence. The damages sought against the insurance companies arise out of insurance contracts and nonperformance, clearly transactions. Note that the statute permits joinder only when the right to relief arises out of the same transaction, the same occurrence, or a series of transactions or occurrences; not a series of both. Situations arise, however, in which a transaction and an occurrence become so intermingled and interdependent that the occurrence becomes an integral part of the transaction or vice versa, so as to make joinder permissible under § 507.040. The case of Messelt v. Security Storage Company, D.C., 11 F.R.D. 342, 344, construing Federal Rule 20(a), 28 U.S.C.A., which is the same as § 507.040, serves to point up such a situation. There suit was brought against Security Storage Company, which stored plaintiffs' property, and Allied Van Lines, which transported the property from Wilmington, Delaware, to the State of Nevada, it being alleged that Security improperly packed the goods and that Allied damaged and lost goods in transit. Plaintiffs filed a motion for leave to amend their complaint by adding another defendant, Firemens Fund Insurance Company. This motion alleged that plaintiffs requested Security Storage Company to obtain All Risks Transit Insurance in the amount of $40,000 which Security effected as the agent of Allied Van Lines and the insurance company issued an "Advice of Insurance" to one of plaintiffs; that notice of loss was duly given but Firemens Fund Insurance Company had paid no part of the damage or loss and judgment for such loss and damage was prayed for against said Insurance Company. In holding that the motion should be granted and the insurance company made a party defendant, the court said:

"The defendants concede in their brief that there is a question of fact common to this action as it now stands and to the asserted claim against Firemens Fund, but they deny that the right to relief arises out of the same transaction, because the events making up the transaction as between the plaintiffs and the present defendants *are not identical* with those making the transaction between the plaintiffs and Firemens Fund. * * * Here *the transaction* which is the subject matter of the case as it now stands *was the shipment and transfer of the plaintiffs' furniture and other articles from Wilmington, Delaware to Nevada, including claims for damages against the original defendants* for goods lost and damaged in transit. It is contended by the plaintiffs that *the arrangements made by them with the defendants included the procuring of insurance on the shipment and that this insurance covered claims for damages for the same goods lost or damaged in the same transaction or shipment. The procuring of the insurance was connected with the transaction* and the claim concerning the insurance against the new party defendant is asserted *in connection with the same transaction involving the original*

*defendants,* even though the liability of the original defendants, if any, may not be in any way dependent upon the issuance or existence of the insurance coverage." (Emphasis ours.)

But that is not the situation here. In the suits here involved there is no connection or interdependence between the insurance contracts issued by the insurance companies and the cause of action in tort alleged against relators. It is true that the cause of action plaintiffs have against each of the insurance companies and the causes of action they have against relators spring from the same event, to wit: the explosion, and, by coincidence, present common questions of law and fact, yet each cause of action arises out of a separate legal right, neither of which is dependent upon the other for its existence.

The cases cited by respondent are distinguishable. For instance: In Write Away Pen Co. v. Buckner, 188 Mo.App. 259, 175 S.W. 81, 82, the makers and endorsers of the promissory note sued on were joined as defendants, which joinder was expressly authorized under the then existing statute on permissive joinder, § 854, R.S.Mo.1939, and which was repealed by the new code. It sheds no light on the question here presented. In Cooney v. Pryor, Mo.App., 203 S.W. 629, plaintiff's cause of action accrued against a railroad while it was in the hands of a receiver. The railroad was sold by order of the federal court to another company, upon which was cast by the purchase an obligation to pay such claims as had accrued during the receivership. To the same effect is the case of Riffe v. Wabash Ry. Co., 200 Mo.App. 397, 207 S.W. 78. In both cases the purchaser assumed the identical liability as that of the seller and their interests were identical. But that is not true here. The insurance companies liability is fixed upon showing explosion and damage;

relators' liability is fixed upon showing explosion, damage *and unlawful causation.* In the cases here, the interests of the insurance companies, once the fact of the explosion is proved, are directly antagonistic to relators as to relators' liability in tort for causing it; as much so, in fact, as are plaintiff's interests. In effect, they then become coplaintiffs.

If we were to hold the facts here shown authorized the joinder attempted, then the wife who sues for the wrongful death of her husband may also join in that action any insurance company that had issued an outstanding policy on his life in which she is the beneficiary. Or a person who sues another for personal injuries sustained may also join any insurance company in which he carries accident or health insurance. Or had plaintiffs sustained personal injuries by reason of the explosion, they could also join any health or accident insurance company in which they held such a policy. Such suits would spring from the same event.

We do not determine whether the insurance companies may intervene in actions brought by plaintiffs against relators after jurisdiction has been acquired over them in the county of their residence or in the county where plaintiffs reside and relators may be found, as provided in § 508.010. That question is not before us. But we do hold that the joinder attempted in these suits does not come within the meaning or intendment of § 507.040, and cannot be used to deprive relators of the right to be impleaded in the first instance in the forum of their residence or the forum of the residence of plaintiffs and where relators may be found.

The preliminary rule in prohibition is made absolute.

All concur.