Dr. J. M. SAEGER et al., Plaintiffs-
Appellants,

v.

LAKELAND DEVELOPMENT COMPANY,
Inc., a Corporation, Defendant-
Respondent.

No. 23449.

Kansas City Court of Appeals.

Missouri.

Nov. 6, 1961.

J. W. Grossenheider, Lebanon, for appellants.

Keyes, Bushman & Hearne, Russell T. Keyes and John L. Hearne, Jefferson City, for respondent.

SPERRY, Commissioner.

This appeal was originally to the Supreme Court and was transferred to us because of a lack of jurisdiction in that Court.

This suit is by eight plaintiffs, whose names and interests are stated in separate counts, against defendant, on the theory of money had and received; and plaintiffs seek a judgment impressing the real estate owned by defendant and described in the petition with a lien on behalf of each plaintiff, in such amount as each of said plaintiffs claim, and for foreclosure. The Court sustained defendant's motion to dismiss the petition and plaintiffs appeal.

In the first pages of the petition plaintiffs pray to be permitted to join in one action, in separate counts, "as provided in the Missouri Rules of Civil Procedure, section 52.-05 [V.A.M.R.]".

It is alleged that, prior to September 3, 1955, one Leon Kane acted as a promoter of a project called "Chiropractic City"; that he solicited and received money from the plaintiffs for the purpose of forming "Chiropractic City"; that Kane told plaintiffs that they could select acreage in the tract of land described in the petition, in return for the money paid by the respective plaintiff; that Kane was the owner, or about to become the owner of the land described in the petition; that, by contract dated September 3, 1955, between Kane and defendant, referred to by each plaintiff in one of the eight counts in the petition, Kane transferred to defendant all of the land mentioned in the petition and designed to be used in establishing Chiropractic City, and all of his obligations to plaintiffs arising out of Kane's promotion of the project.

It is alleged that the claims of each of the eight plaintiffs herein, as stated by him or her in a separate count of the petition, arise out of the same series of transactions, the promotion of Chiropractic City by Kane and his transfer of the land, together with his obligations to plaintiffs, by the contract above referred to; that there exists questions of law or fact to be determined, common to all plaintiffs, including the legal effect of said contract, and the equitable lien that each plaintiff seeks to have impressed on the land mentioned.

■ In count one, Dr. J. M. Saeger alleged that on July 5, 1952, he gave Kane $300, for plaintiff's use; that Kane was then owner, or about to become owner of certain described tracts of land located in Miller County, Missouri, totalling more than 1,600 acres; that one acre thereof was to be subsequently conveyed to plaintiff; that, on September 3, 1955, Kane transferred all of the land to defendant, together with all of his obligations to plaintiff and other persons, by contract dated on said date; that he, on July 1, 1953, Kane having failed to transfer any land to him, demanded that Kane return his $300, which Kane refused to do; that plaintiff's $300 was used by Kane to purchase or develop the real estate of which defendant is now the owner; that plaintiff has never been repaid his $300.

He prayed for judgment of $300, with interest from July 1, 1953; that the real estate be impressed with an equitable lien to that extent; for foreclosure thereof; and for further relief as to the Court might seem proper.

Each of the remaining seven plaintiffs herein set out their respective claims as follows; count 2, Dr. Hazel M. Mabis; count 3, Dr. Theodore R. Lilyhorn; count 4, Mrs. Edith Woods; count 5, Dr. W. W. Breithaupt; count 6, Dr. G. C. Donohoo; count 7, Dr. R. T. Krygier; count 8, Dr. H. H. Prior. The allegations contained in these seven counts are quite similar to those contained in count 1, except as to amount of money, date when paid to Kane, etc., and all plaintiffs seek the same relief as that sought by Dr. Saeger.

After a hearing on motions to dismiss "except motions for costs", the Court found that the petition fails to state a cause of action and that: (a) several separate and independent claims by several separate and independent plaintiffs have been improperly joined; (b) several different claims or alleged causes of action have been improperly united in one petition; (c) several separate and independent plaintiffs have under-

taken unlawfully to set out several distinct and separate counts, one cause of action as to each, i. e., that one plaintiff has undertaken to allege a cause of action in one count and each of the others in other counts in the same manner respectively. Defendant's motion to dismiss the petition as to all parties plaintiff, was sustained and the petition was dismissed.

Plaintiff Saeger stated a good cause of action for money had and received, Newco Land Co. et al. v. Martin et al., 358 Mo. 99, 213 S.W.2d 504, 509, 510–511; and he may have an equitable lien on the property for money due him. Murry et al. v. Central Bank (Kansas City), 226 Mo.App. 400, 40 S.W.2d 721, 723–724. In the Newco decision, 213 S.W.2d page 509, the Court discussed and differentiated the facts from those obtaining in Ford-Davis Manufacturing Company v. Maggee (Mo.App.), 233 S.W. 267, 269, cited and relied on by defendant here. The facts here are similar to those obtaining in the Newco case and unlike those in the Ford-Davis case. The facts here are also unlike those in Twamley v. E. B. Jones Used Car Arena, Inc., Mo. App., 241 S.W.2d 799, also cited by defendant. There, the note received from plaintiff had been assigned by defendant to a third party and was no longer in possession of defendant; it had in its hands no money belonging to plaintiff. In Buckman v. Bankers' Mortgage Co. (Mo.App.St.Louis), 263 S.W. 1046, 1050, it was held that, where a promoter fraudulently procured money for stock to be issued by a corporation, the corporation was liable in an action for money had and received, for a return of money subscribed, whether or not it knew of the fraud. In the case at bar, it is alleged that Kane transferred to defendant his obligations to plaintiffs by contract. If that allegation be true, defendant had notice of plaintiffs' claims. See 58 C.J.S. Money Received § 7.

■ But the Court ruled that these plaintiffs could not legally join in one action. Plaintiffs claim the right to do so by virtue of Rule 52.05, which they pleaded. That rule provides, in part, as follows:

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

From the petition, considered as a whole, it appears that there are questions of law and fact common to all of the plaintiffs, and that the claims of all plaintiffs arose out of the same transactions or occurrences, or series of transactions or occurrences. Shelton et al. v. Harrison et al., 182 Mo.App. 404, 167 S.W. 634, 636; Brotherhood of Stationary Engineers et al. v. City of St. Louis et al. (Mo.App.St. Louis), 212 S.W. 2d 454, 458; Glidewell et al. v. Hughey et al., Mo. en banc, 314 S.W.2d 749, 752; Hughes v. Renshaw, 314 Mo. 95, 282 S.W. 1014, 1019–1020.

Under the rule, plaintiffs could properly join in this action.

The judgment is reversed and the cause is remanded with directions to reinstate it for trial.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.