**STATE of Missouri at the Relation of GULF OIL CORPORATION, Relator,**

v.

**Honorable Noah WEINSTEIN, Judge of the Circuit Court, County of St. Louis, Missouri, Respondent.**

No. 31613.

St. Louis Court of Appeals.

Missouri.

May 19, 1964.

Rehearing Denied June 22, 1964.

Evans & Dixon, Eugene K. Buckley, St. Louis, for relator.

William B. Ewald, Forrest Boecker, St. Louis, for respondent.

WOLFE, Judge.

This is an original proceeding in prohibition seeking to prohibit the respondent, a Judge of the Circuit Court of St. Louis County, from proceeding to try a cause in which it is alleged that there has been an unauthorized joinder of causes of action and parties.

There is no factual dispute between the relator and the respondent in this action. The causes of action which have been joined and which the plaintiffs in the trial court seek to have determined by one trial are set forth in one petition containing three counts. The parties plaintiff in the petition filed in the Circuit Court are Fred H. Stuckwish, Fred Wells, and United States Fidelity and Guaranty Company. The defendant named in the petition is Gulf Oil Corporation, the relator here.

The plaintiff Stuckwish alleges in the first count of the petition that he bought some fuel oil on December 12, 1961 that was defective when used in the manner for which it was intended. He alleges that the defect would cause some of the components of the oil to solidify when it was exposed to temperatures below freezing. It is alleged that this defect caused the combustion of the oil to occur with explosive bursts so as to escape from the heater in which it was being used. He alleges that he did not know of the alleged defect. He stored the fuel in an outside tank when the temperature was below freezing. On December 24, 1961 he used the oil in a space heater and suffered fire loss in the sum of $3,338.40 by reason of its use.

It is alleged that the fuel oil was supplied in St. Louis County by the defendant Gulf Oil Corporation, but it is not alleged that the plaintiff purchased it from the defendant.

The second count is a claim asserted by Fred Wells. He alleges that he bought some fuel oil on December 23, 1961, and he makes the same allegations as to its defect and combustion with explosive bursts as alleged in Count I. He alleges that a fire was caused by the defect when the oil was in use in a properly operating space heater on December 25, 1961. He claims damages arising out of personal injuries caused by burns and for personal property loss by reason of the resulting fire. The total damage sought by him is $10,000. In this count it is also alleged that the defendant Gulf Oil Corporation supplied the fuel oil in St. Louis County, but it is not alleged that the plaintiff purchased it from them.

Count III is a claim by the United States Fidelity and Guaranty Company, which carried a policy of fire insurance on some merchandise and fixtures owned by Stuckwish which were destroyed by fire. It makes the same allegation that Stuckwish made in Count I and claims to be subrogated to the rights of Stuckwish in the amount of $5,552.66 paid to him as an insured loss on the property covered by its policy and destroyed by fire.

The defendant moved to sever Count II from the petition and try the cause asserted by Wells in Count II separately. It is stated that the claim of Wells did not arise out of the same transaction or occurrence and cannot be joined with the claims asserted by the other plaintiffs under Rules 52.05 and 52.06, Missouri Rules of Civil Procedure, V.A.M.R. The court overruled this motion, and the defendant-relator here sought and was granted a preliminary rule in prohibition to stop the trial of the claims as one case.

The respondent's return asserts that the Judge had jurisdiction of the parties and subject-matter of the claims, and that he had jurisdiction to rule upon the motion to sever the claim asserted in Count II of the petition by authority of Rules 52.05 and 52.06, Missouri Rules of Civil Procedure,

and that he was exercising judicial discretion permitted under those rules.

The rule here controlling is 52.05, which is the same as Section 507.040, RSMo, V.A. M.S. It relates to the permissive joinder of parties, and it is as follows:

"(a) *Permissive Joinder.* All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"(b) *Separate Trials—Protective Orders.* The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice."

The sole question presented is whether or not the petition states claims "arising out of the same transaction, occurrences or series of transactions or occurrences." If it does not, it is not within the statute permitting such actions to be joined. The claims that the plaintiffs allege arise out of the use of fuel oil purchased by each

plaintiff from an unnamed party or parties. The purchases were not made at the same time. The purchases were separate transactions in no way related. If this may be said to be the transactions out of which their several claims arose, it is obvious that they were neither the same transaction nor a series of transactions.

 The occurrences were two separate fires burning and damaging property owned by different plaintiffs, and the fires occurred on different dates. It is therefore apparent that neither the occurrences nor the transactions were the same, nor did they constitute a series of transactions or occurrences. Since neither requisite for a joinder under the rule is present, the claim of Fred Wells upon Count II of the petition must be severed and tried separately. State ex rel. Campbell v. James, Mo.Sup., 263 S.W.2d 402; State ex rel. Siegel v. Strother, Mo.Sup., 289 S.W.2d 73; State ex rel. McCubbin v. McMillian, Mo.App., 349 S.W.2d 453; Joinder of Parties, Claims and Counterclaims. Edward M. Ruddy, 1 J. of Mo. Bar 85 (June 1945).

 The respondent contends that prohibition will not lie because the court had jurisdiction of the parties and of the subject-matter. In this respect the respondent misconceives the extent to which the writ is employed. It may be invoked to restrain the enforcement of orders beyond or in excess of the authority of the Judge, though the court over which he presides has general jurisdiction of the class of cases to which the one in question belongs. State ex rel. Schoenfelder v. Owen, Mo.Sup., 152 S.W.2d 60; State ex rel. Henry v. Cracraft, Mo.App., 168 S.W.2d 953; State ex rel. City of Mansfield v. Crain, Mo.App., 301 S.W.2d 415.

 The respondent also asserts that he was exercising his judicial discretion in ordering the causes tried as one action. The permissive joinder of parties is fixed by the Civil Rule. This sets out the law in relation thereto, and the trial court can-

not lawfully exercise any discretion contrary to the law relating to the matter before it. While it is true that under some circumstances the court may in its discretion order separate trials of claims joined, it has no discretion to try claims improperly joined in one action. Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 125 A.L.R. 674; Highfill v. Brown, Mo.Sup., 340 S.W.2d 656.

As stated, the respondent may not try the claim of Fred Wells in Count II of the petition with the claims of the other plaintiffs, but it must be severed and proceeded with separately.

The preliminary rule in prohibition is made absolute.

RUDDY, P. J., and ANDERSON, J., concur.