STATE of Missouri ex rel. C. H. COZEAN, Administrator of the Estate of Jimmy Dale Hurst, Deceased, Relator,

v.

The Honorable Vernon W. MEYER, Judge of the Circuit Court of the City of St. Louis, Division No. I, Respondent.

Nos. 33448, 33449.

St. Louis Court of Appeals.

Missouri.

Dec. 16, 1969.

Rehearing Denied Jan. 14, 1970.

Robert H. Burns, Clayton, for relator.

James F. Koester, Norman A. Selner, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is two original actions in prohibition to prohibit the Circuit Court of the City of St. Louis from proceeding in two suits before it. The relator, C. H. Cozean, is administrator of the estate of Jimmy Dale Hurst, deceased. As such he is one of two defendants in both cases. The other defendant is State Farm Mutual Insurance Company. The petitions for prohibition before us are both predicated upon the ground that the Circuit Court of the City of St. Louis is without jurisdiction because the plaintiffs attempted to obtain venue in the City of St. Louis when such venue rests in St. Francois County, and that the plaintiffs have improperly joined State Farm Mutual Insurance Company which could be served in St. Louis to effect their purpose.

The plaintiff below in Circuit Court Cause No. 98707–E is Alfred Wayne Darst. His petition in substance states that he and his wife were passengers in an automobile which was traveling a public highway in St. Francois County, Missouri, when it was struck by an automobile negligently driven by Jimmy Dale Hurst, now deceased. Plaintiff's wife was killed in the accident

and plaintiff suffered personal injuries. Darst sought recovery for both against the administrator of Hurst's estate.

In another count he alleged that he was covered by a policy of insurance issued by the State Farm Mutual Insurance Company providing uninsured motorist coverage and he alleges that the deceased Jimmy Dale Hurst was uninsured. He seeks recovery from the defendant insurance company.

The other suit is Circuit Court Cause No. 99642–E. In that action the plaintiff is Gordon Thurman. He was also a passenger in the car which was struck by the car driven by Hurst. He also seeks recovery of damages for personal injuries against the estate of Hurst and in his petition he makes Hurst's administrator a defendant. He likewise alleges that he is covered by an uninsured motorist clause in a policy issued by State Farm Mutual Insurance Company and that Hurst was uninsured, and he too seeks recovery against the insurance company.

Cozean, the Administrator of the Estate of Jimmy Dale Hurst, deceased, the defendant below and relator here, was served with a summons in St. Francois County, Missouri, in each of the two cases. He filed a special entry of appearance and moved to quash the service of summons in both cases and dismiss the actions as to him. He alleged in his motions, verified by affidavit, that the movant was the Public Administrator of St. Francois County, Missouri. He also alleged in his motion in the first case, wherein Darst is the plaintiff, that Darst is a resident of Illinois. In the motion filed in the case wherein Thurman is the plaintiff, the movant alleged that Thurman is a resident of St. Charles County, Missouri. The ground set forth in the motions to quash the service of summons and to dismiss the petitions states that the actions against the Estate of Hurst sound in tort and that the actions against State Farm Mutual Insurance Company are actions on contract.

It was asserted in the motions:

"That the attempted joinder of causes of action by the plaintiff against this defendant and against State Farm Mutual Insurance Company is an improper joinder and not a lawful, valid joinder, and violates Section 507.040 VAMS and Civil Rule 52.05(a).

"That the attempt by the plaintiff to have the Circuit Court of the City of St. Louis obtain jurisdiction over this defendant is improper and violates the venue statute, Section 508.010 VAMS."

The Circuit Court overruled both motions and the two Petitions for Writs of Prohibition were filed here. They were filed on the theory presented to the Circuit Court in the above mentioned motions and state that the Circuit Court of the City of St. Louis is without jurisdiction because the petitions below violate the permissive joinder rule, Civil Rule 52.05, V.A.M.R., and by so doing also violate § 508.010, RSMo., V.A.M.S., relating to venue.

The respondent Judge filed his returns to the preliminary rule which this court issued. In his returns he placed reliance on the case of State ex rel. State Farm Mutual Auto. Ins. Co. v. Craig, Mo.App., 364 S.W. 2d 343, 95 A.L.R.2d 1321, as authority for overruling the motions of the defendant administrator to dismiss as to him. In this the court erred. The Craig case does not deal with the issue of improper venue nor the improper joinder of causes of action. It simply allowed the insurer defendant, which had been joined as a party in one count, to intervene in the count against the uninsured motorist. The opinion stated, l. c. 349: " * * * we believe that, *under the facts peculiar to this case*, the relator should be permitted to intervene as a matter of right." The court further stated: " * * What we have said and held is of course applicable only to this case; and in consideration of circumstances which involve a situation where the insurer has been dragged

into the lawsuit by its heels and the trial court has refused to let it out; * * *." We do not consider the Craig case in any way pertinent to the issues before us.

The basic issue is the venue of the action. The Statute relating to venue is § 508.010, RSMo., V.A.M.S., and it is as follows:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;

(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

(3) When there are several defendants, some residents and other nonresidents of the state, suit may be brought in any county in this state in which any defendant resides;

(4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state;

(5) Any action, local or transitory, in which any county shall be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside, or in the county suing and where the defendants, or one of them, may be found;

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published."

■ The above section governs the venue of actions wherein several defendants residing in different counties are *lawfully* joined under § 507.040, V.A.M.S.; V.A.M.R. 52.05. That rule and statute are as follows:

"(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

The question of venue is to be resolved by the determination of whether or not the defendant insurer was lawfully joined under the foregoing rule. That question has been decided by the Missouri Supreme Court en Banc in State ex rel. Campbell v. James, Mo., 263 S.W.2d 402, l. c. 408, in a case similar to the one before us. The court stated:

"If we were to hold the facts here shown authorized the joinder attempted, then the wife who sues for the wrongful

death of her husband may also join in that action any insurance company that had issued an outstanding policy on his life in which she is the beneficiary. Or a person who sues another for personal injuries sustained may also join any insurance company in which he carries accident or health insurance. Or had plaintiffs sustained personal injuries by reason of the explosion, they could also join any health or accident insurance company in which they held such a policy. Such suits would spring from the same event."

Continuing further, the court stated:

"* * * we do hold that the joinder attempted in these suits does not come within the meaning or intendment of § 507.040, and cannot be used to deprive relators of the right to be impleaded in the first instance in the forum of their residence or the forum of the residence of plaintiffs and where relators may be found."

The causes of action here attempted to be asserted against the relator and the insurer arise neither from the same transaction nor occurrence. One is in tort and the other on contract. Consequently they cannot be lawfully joined. This is a rule generally followed. Lloyds' London v. Blair, 10 Cir., 262 F.2d 211; Holt v. Bell, Okl., 392 P.2d 361; Campbell v. Campbell, 145 W.Va. 245, 114 S.E.2d 406. Since the respondent therefore is without jurisdiction of the causes attempted to be brought before him against the relator, prohibition will lie. State ex rel. Gulf Oil Corporation v. Weinstein, Mo.App., 379 S.W.2d 172.

The preliminary rule in prohibition is made absolute.

BRADY and DOWD, JJ., concur.