STATE of Missouri ex rel. ADRIAN BANK
et al., Relators,

v.

The Honorable Drew W. LUTEN, Jr., Judge
of the Circuit Court of St. Louis
County, Missouri, Respondent.

No. 57718.

Supreme Court of Missouri,
En Banc.

Jan. 8, 1973.

Veryl L. Riddle, Thomas C. Walsh, Roger Edgar, St. Louis, for relators; Bryan,

Cave, McPheeters & McRoberts, St. Louis, of counsel.

John C. Danforth, Atty. Gen., John C. Craft, Charles A. Blackmar, Asst. Attys. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is an original proceeding in prohibition commenced in the St. Louis Court of Appeals[1] attacking the jurisdiction of respondent to proceed in an action by the State of Missouri on the relation of its attorney general against relators, thirty state banks, and others. The court of appeals issued its preliminary rule but thereafter, by opinion, quashed it. On motion of relators we ordered the case transferred to this court for final determination. We consider the case the same as one that had been commenced as an original proceeding in this court. Article V, §§ 4 and 10, Constitution of Missouri; State ex rel. Schneider's Credit Jewelers, Inc. v. Brackman, Judge, 272 S.W.2d 289, 290 [1] (Mo., 1954); State ex rel. Cooper v. Cloyd, Judge, 461 S.W.2d 833, 834 (Mo.1971); Rule 83.09, V.A.M.R.

The state's action, filed in the circuit court of St. Louis county, joins as defendants two state banks, residents of that county; Thomas A. David (hereinafter David), former state director of revenue, a resident of Cole county; Western Surety Company, surety on his bond as such state officer, a resident of St. Louis county; and the relators herein, thirty state banks,[2] none of which is a resident of St. Louis county. The action is in two counts.[3]

In count I the state alleges (1) that David, in his capacity as director of revenue, collected the state's share[4] of intangible and other taxes and deposited it from time to time during the period from January, 1965 to July, 1969, in the defendant banks in non-interest bearing demand accounts, and that he failed promptly to deliver these funds to the state at the times required by law; (2) that during the varying periods of time these funds were, with the banks' knowledge and permission, unlawfully left on deposit by David beyond the dates authorized by law, the funds were used by the banks to earn interest, which interest became the property of the state; and (3) that David and the banks failed to pay this interest to the state and thereby converted it to their own use.

The state does not in that action seek to recover from any defendant bank because of state funds deposited in another of these banks; it seeks to recover from a defendant bank only in connection with those state funds deposited in it alone, and claims that that bank is jointly liable with David and his surety for the interest income allegedly unlawfully converted.

■ Relators, appearing specially as defendants in St. Louis county for the purpose of their motion, moved to quash the summons and the service thereof upon them in the counties of their residence and to dismiss the action for the reason that venue as to them in St. Louis county is improper and the court, therefore, without jurisdiction of their persons. As indicated, relators' motion to quash was overruled and they sought and the court of appeals issued its preliminary rule. Prohibition is the proper remedy where defendants are impermissibly joined, venue is improper and the trial court therefore without jurisdiction.

1. Now the Missouri Court of Appeals, St. Louis District. See: Schedule (§ 31, ¶ 6) to 1970 amendment of Article V, Constitution of Missouri, V.A.M.S.; Rule 82.02, V.A.M.R.

2. Originally there were fifty banks joined as defendants, but that number was reduced to thirty-two by dismissal as to all national banks.

3. Count II, based on count I and an allegation that the failure to pay these funds to the state was willful and deliberate, is for punitive damages against all defendants, except the surety company.

4. The state's share of the taxes is 2%, for collection; the remainder is paid to the county of origin of the taxes.

State ex rel. Bartlett v. McQueen, Judge, 361 Mo. 1029, 238 S.W.2d 393, 395–396 (1951); State ex rel. Cozean v. Meyer, Judge, 449 S.W.2d 377, 379–380 (Mo.App. 1969).

The basic issue is the venue of the action. Section 508.010,[5] relating to venue, is, in part, as follows:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

"* * *

"(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

"* * *."

In this case we are presented with both multiple parties defendant and multiple claims, a separate claim for relief against each defendant bank independent of the state's claim against any other bank.

Rule 55.07,[6] relating to joinder of claims, is, in part, as follows:

"The plaintiff in his petition * * * may join either as independent or as alternate claims as many claims * * * as he may have against an opposing party. There may be a like joinder of claims where there are multiple parties if the requirements of * * * [Rule] 52.05(a)[7] * * * are satisfied."

Rule 52.05(a),[8] relating to permissive joinder of parties, is, in part, as follows:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of

or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded."

To summarize, § 508.010, supra, governs the venue of actions wherein multiple defendants residing in different counties are *lawfully* joined under our permissive joinder rule, Rule 52.05(a). State ex rel. Campbell v. James, 263 S.W.2d 402, 407 [4] (Mo., 1953). In other words, the venue is proper and the circuit court of St. Louis county has jurisdiction of the persons of relators if Rule 52.05(a) permits their joinder as defendants.

Respondent contends that the relator banks are lawfully joined as defendants with St. Louis county resident banks, because (1) the state's action arises out of a series of transactions between David and all the defendant banks, and (2) a question of law common to all defendants is presented. The series of transactions to which respondent refers are the separate deposits by David of state funds in the several banks on different dates, in different amounts, for different periods during the four-year period mentioned. The contention that there is a question of law presented common to all defendants is based upon the state's theory that David is *jointly liable* with each of the defendant banks and *jointly liable* with the defendant surety company "* * * for the wrongful appropriation of state funds to the use of defendant David and the defendant banks."

In support of this position, respondent cites one case, Saeger v. Lakeland Development Company, 350 S.W.2d 820 (Mo.App.

---

5. Reference to statutes are to Revised Statutes of Missouri, 1969, and V.A.M.S.

6. References to rules are to Missouri Supreme Court Rules and V.A.M.R. Rule 55.07 is substantially the same as Federal Civil Rule 18(a), Joinder of Claims, as that rule stood before its amendment in 1966. See also: § 509.060.

7. See also: § 507.040.

8. Rule 52 was amended effective December 1, 1972, but subdivision 52.05(a) was not changed and remains substantially the same as Federal Rule 20(a) prior to its amendment in 1966.

1961). *Saeger* is a suit by eight plaintiffs against one defendant, Lakeland, assignee of one Leon Kane, the promoter of a project for the formation of a city, to whom each plaintiff had separately paid money for separate parcels of land held by Kane which he promised to convey to each in the proposed city. Kane failed to convey to plaintiffs, and thereafter, by contract, transferred to defendant Lakeland (1) all land to be used in forming the city, including the parcel he had promised to convey to each plaintiff, and (2) all of Kane's obligations to plaintiffs arising out of his promotion of the project.

On motion of defendant Lakeland the trial court dismissed the action on the ground there was a misjoinder of claims and a misjoinder of parties plaintiff. On appeal, the Kansas City court of appeals held (1) that the claims of the eight plaintiffs against Lakeland arose out of the same series of transactions, i. e., (a) the promotion of the city by Kane " * * * and [b] his transfer of the land, together with his obligation to plaintiffs, by the contract * * * " with defendant, and (2) " * * * that there exists questions of law or fact to be determined, common to all plaintiffs, including the legal effect of said contract [with defendant], and the equitable lien that each plaintiff seeks to have impressed on the land * * *." Clearly, the series of transactions out of which plaintiffs' separate claims against the one defendant arose were the promotion of the city by Kane (including his contracts with plaintiffs) and Kane's transfer of the land and his obligations to plaintiffs by contract with defendant. Together these transactions made up the series out of which plaintiffs' right to relief arose.

Contending that the state's claims against them do not arise out of the same transaction or same series of transactions as those in which the resident defendants are involved and that there is no question of law or fact common to all of them relators cite Tanner v. Garner, 255 S.W.2d 158 (Mo.App.1953), a decision of the Springfield court of appeals. *Tanner* is an action by one plaintiff against five defendants, only one of whom was a resident of the county in which the suit was commenced. In that case, the plaintiff, Tanner, agreed with defendants, owners of drive-in theatres in their separate counties, to deliver films to them weekly for which each agreed to pay a different specified amount. These agreements were embodied in one written contract signed by defendants at different times and places, and no one of the defendants agreed to be responsible for the amount any of the others had agreed to pay. The defendants failed to pay and plaintiff, as indicated, joined all in the one suit. The trial court dismissed the action on motion of defendants and the court of appeals affirmed. In the words of respondent in his brief in the case before us, " * * * the Court of Appeals [in Tanner, supra] held that several defendants, who separately entered into contracts with the plaintiff, could not be joined as defendants where plaintiff was attempting to hold each defendant severally liable for damages for breach of contract * * *. The mere fact in that case that various defendants, individually, executed their contract on the same form used by other defendants, to execute similar, but different, contracts did not create a series of transactions with a common question of law or fact when there was no other indication of joint action."

In this case we have, with one difference we will mention immediately, the same situation and problem as was presented in the *Tanner* case. Here, the defendant banks separately entered into similar, but different, contracts with David for the deposit of state funds in different amounts at different places and at different times, and the alleged conversions were, of course, for different amounts at different places and times. The state agrees that its claim against one bank has no relation to its claim against another, except insofar as it may be said that they are somewhat related because each bank is alleged to be jointly liable with David and his surety. The one difference between this case and *Tanner*,

supra, suggested above, is the charge that each bank, separately, is jointly liable with David and his surety in relation to the funds deposited in that bank.

■ To summarize the pertinent part of Rule 52.05(a), quoted above, parties may be joined as defendants if there is asserted against them severally any right to relief which (1) arises out of the *same* transaction or series of transactions, or the same occurrences or series of occurrences, *and* (2) involves a question of law or fact common to all defendants. The two requirements are not alternatives; both the "same transaction" and the "common question" test must be met. If this were not so, then separate cases involving questions of law common to the defendant in each case might be joined (and the defendants thus joined) and tried together in one case even though the rights to relief asserted against the defendants did not arise out of the same transaction and therefore had no relationship to each other except the common question of law.

■ Does the joinder of relators as defendants in the state's suit against them meet the "same transaction" test? We hold that it does not. The state's claim against the Adrian Bank, for example, does not arise out of "the same transaction, occurrence, or series of transactions or occurrences" as its claim against any other defendant bank. It is elementary that the liabilities asserted against all the defendant banks severally do not arise out of the same transaction or occurrence, because more than one transaction or occurrence is involved. But do those liabilities arise out of the *same* series of transactions or occurrences? Respondent's position is that they arise out of *a* series of transactions. The "series" of transactions out of which they arise is, respondent says, the transaction each bank had with David separate and apart from the transaction he had with another bank on another date at another place. In other words, respondent argues that these several independent transactions together constitute a "series of transactions" (or occurrences) within the meaning of those words as used in Rule 52.05(a). We do not agree. The word "same" modifies the plural "transactions" (or occurrences) as well as the singular. The "series" of transactions (or occurrences) out of which the several liability of each of the defendant banks must arise is the *same* series, a series out of which, collectively, plaintiffs' right to relief arises.

The joinder of relator banks with the St. Louis county resident banks is not, for the reasons stated, permitted by Rule 52.05(a) and is therefore improper.[9] Saeger v. Lakeland Development Company, supra; State ex rel. Campbell v. James, supra; State ex rel. Gulf Oil Corporation v. Weinstein, 379 S.W.2d 172 (Mo.App.1964). We need not determine whether the joinder of these defendants (relators) meets the "common question" test.

Relators and respondent appear to be agreed that the decision we have reached above would produce a severance of the state's claim against an individual relator bank from its claims against each of the other banks, with the result that so far as relators are concerned there will be, in effect, thirty separate suits in St. Louis county each having three defendants, viz.,

9. This construction of our Rule 52.05(a) is in accord not only with our own prior decisions but also with decisions of the Federal courts interpreting Federal Rule 20(a) before its amendment in 1966. See footnote 8. One of the purposes of the 1966 amendment of Federal Rules 20(a) and 18(a) was to overcome those Federal decisions. 3A Moore's Federal Practice, pp. 1814, 2713, 2723. See: Federal Housing Administrator v. Christianson et al., 26 F.Supp. 419 (D.C.D.Conn., 1939); Stanford v. TVA, 18 F.R.D. 152 (M.D. Tenn., 1955); Music Merchants v. Capitol Records, 20 F.R.D. 462 (E.D.N.Y., 1957); Lloyds' London v. Blair, 262 F. 2d 211 (10th Cir., 1958); Insull v. New York World-Telegram Corp., 172 F.Supp. 615 (N.D.Ill., 1959); Alabama Independent Serv. S. Ass'n v. Shell P. Corp., 28 F.Supp. 386 (N.D.Ala., 1939).

David, Western Surety and one of the relators. The state claims that these three defendants are jointly and severally liable for the state funds allegedly appropriated by David and the banks to their own use. The remaining question then becomes whether Rule 52.05(a) permits the joinder of a relator bank with the one resident defendant, Western Surety. If not, then venue is improper, and respondent without jurisdiction of the persons of relators.

We have the view that the state's right to relief or cause of action against a relator bank arises out of an "occurrence" as distinguished from a "transaction", the occurrence being the alleged appropriation of these state funds by the bank to its own use by failure promptly to pay the funds to the state treasurer. The state's claim against a bank is thus for unlawful conversion and sounds in tort whereas the state's claim against Western Surety arises from its insurance contract, a transaction. The court said in State ex rel. Campbell v. James, 263 S.W.2d 402, 407 [4, 5] (Mo. 1953), that the rule permits joinder of parties only when the right to relief arises out of the same transaction *or* occurrence; not both. The court further said in *James,* supra, at 408: "It is true that the cause of action plaintiffs have against each of the insurance companies and the causes of action they have against relators spring from the same event, to wit: the explosion, and, by coincidence, present common questions of law and fact, yet each cause of action arises out of a separate legal right, neither of which is dependent upon the other for its existence."

It is true here, too, that the claim for relief the state has against Western Surety and the claim for relief it has against any relator spring from the same event, the failure promptly to pay state funds to the treasurer and, thus, the conversion, "yet each * * * [claim] arises out of a separate legal right, neither of which is dependent upon the other for its existence."

The relators are impermissibly joined with Western Surety, the venue is improper, and respondent without jurisdiction to proceed against relators. State ex rel. Campbell v. James, supra; State ex rel. Cozean v. Meyer, supra; State ex rel. Gulf Oil Corporation v. Weinstein, supra. See also: Lloyds' London v. Blair, supra; Insull v. New York World-Telegram Corporation, supra.

The preliminary rule in prohibition is made absolute.

All concur.