STATE of Missouri ex rel. SAFECO INSUR-
ANCE COMPANY OF AMERICA,
a corporation, Relator,

v.

The Honorable Michael J. SCOTT, Judge of
the Circuit Court of the City of
St. Louis, Respondent.

No. 58601.

Supreme Court of Missouri,
En Banc.

April 14, 1975.

Wuestling & James, William F. James, St. Louis, for relator.

Tremayne, Lay, Carr, Bauer & Paule, Kenneth S. Lay, Clayton, for respondent.

PER CURIAM:

This is a proceeding in prohibition in which Safeco Insurance Company of America (hereinafter Safeco or relator) seeks to prohibit respondent from entering an order granting leave to Don Arthur Voepel to intervene as a party plaintiff in a personal injury action pending against Safeco. The proceeding originated in the court of appeals, St. Louis district, and was transferred to this court by our order on recommendation of the court of appeals after it had issued its provisional rule but before opinion. Mo.Const. Art. V, § 10, V. A.M.S. We consider and decide the case as though it had originated in this court. State ex rel. Schneider's Credit Jewelers, Inc. v. Brackman, Judge, 272 S.W.2d 289 (Mo.banc 1954); State ex rel. Toedebusch Transfer, Inc. v. Public Service Commission of Missouri, 520 S.W.2d 38 (Mo. banc. 1975).

In December, 1970, Charles L. May sued Safeco for damages for personal injuries suffered in a collision involving his automobile and a truck operated by Robert Jenkins, alleging that Jenkins was the operator of an uninsured motor vehicle within the meaning of coverage afforded by Safeco's policy insuring May. In February, 1973, Don Arthur Voepel, a passenger in the May automobile, filed a motion seeking leave to intervene as a party plaintiff in the May suit against Safeco. Attached to Voepel's motion was his petition in two counts which he proposed to file if leave were granted. In count I, based on negligence, Voepel sought damages for personal injuries from May, his host, and from Jenkins, the alleged uninsured motorist whom he sought to bring in as an additional party defendant. Count II was against Safeco alone under its uninsured motorist coverage. The plaintiff, May, had no objec-

tion to the motion to intervene and, in fact, supported intervention by adopting the position taken by Voepel in his trial brief. After briefing and argument of the motion, the respondent indicated his decision to sustain the motion and permit intervention. Relator's petition for the writ of prohibition was filed shortly thereafter.

 Relator contends that respondent is without jurisdiction to permit Voepel to intervene as a party plaintiff, because his petition unlawfully joins in one action against multiple defendants a claim in tort with a claim based on contract. No other reason is stated as to why respondent is without jurisdiction to permit intervention. In support of this contention, relator relies primarily on State ex rel. Cozean v. Meyer, 449 S.W.2d 377 (Mo.App.1969) and Wells v. Hartford Accident and Indemnity Co., 459 S.W.2d 253 (Mo.banc 1970). In *Cozean*, the court, considering a venue question, held that a claim in tort against one defendant and a claim on contract against another cannot be lawfully joined. In *Wells*, a declaratory judgment action, this court said (459 S.W.2d at 260), in response to a suggestion by an insured motorist carrier that it should have been joined in a prior suit with the uninsured motorist, that joinder of those parties in a single action is not permissible, citing State ex rel. Campbell v. James, 263 S.W.2d 402 (Mo.banc 1953) and *Cozean, supra.*

In State ex rel. Farmers Insurance Company, Inc. v. Murphy, 518 S.W.2d 655 (1975) the court held that contract and tort claims may be joined in one action against multiple defendants and that to the extent *Cozean, Wells, Campbell, supra,* and State ex rel. Adrian Bank v. Luten, 488 S.W.2d 636 (Mo.banc 1973) held otherwise or interpreted the words "same transaction, occurrence or series of transactions or occurrences" contrary to the meaning given them therein, those cases no longer should be followed.

What is said in *Farmers Insurance, supra,* rules the sole point presented in this case.

The provisional rule in prohibition is discharged.

All concur.